**Gurdeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72069.

Agency No. A76–842–304.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Patrick O. Cantor, Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Nancy E. Friedman, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Gurdeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the BIA's decision. For example, the BIA found it implausible that Singh never voted in an election even though his asylum claim was based on persecution on account of his political opinion and his support of an independent Khalistan, a movement for a separate state through an electoral process. *See, e.g., Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). Moreover, substantial

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence supports the adverse credibility finding based on Singh's failure to identify himself. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity").

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

As Singh "points to no other evidence that he could claim the BIA should have considered in making its determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *See Farah,* 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**